## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.

YETI COOLERS, LLC,

    Plaintiff,

vs.

THE INDIVIDUALS, BUSINESS ENTITIES
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

  Plaintiff, YETI Coolers, LLC ("Plaintiff" or "YETI") hereby sues Defendants, the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A" (collectively "Defendants"). Defendants are promoting, offering for sale, selling, and/or distributing goods bearing and/or using counterfeits and confusingly similar imitations of YETI's trademarks within this district through various Internet based e-commerce stores operating under the seller names identified on Schedule "A" hereto (the "E-commerce Store Names"). In support of its claims, YETI alleges as follows:

## JURISDICTION AND VENUE

  1. This is an action for damages and injunctive relief for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1125(a), The All Writs Act, 28 U.S.C. § 1651(a), and Florida's common law. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over YETI's state law claims

because those claims are so related to the federal claims that they form part of the same case or controversy.

2.      Defendants are subject to personal jurisdiction in this district, because they operate e-commerce stores accessible in this district, conduct business by registering, maintaining, and advertising the E-commerce Store Names within the United States, and/or direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district, through at least, their Internet based e-commerce stores accessible and doing business in Florida and operating under their E-commerce Store Names. Alternatively, based on their overall contacts with the United States, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, non-residents in the United States and engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling, and/or shipping infringing products into this district.

## THE PLAINTIFF

4.      YETI is a Delaware limited liability company with its principal place of business in the United States located at 7601 Southwest Parkway, Austin, TX 78735. YETI is, and for years has been, a leading manufacturer, designer, developer, retailer, and distributor of innovative products, including portable coolers, drinkware, bags, and apparel. YETI has continuously engaged in the design, development, manufacture, promotion, and distribution of a variety of high-quality goods, including YETI's portable coolers, drinkware, bags, apparel, and other products,

using multiple common law and federally registered trademarks, including those identified in Paragraph 15 below, and the public has come to associate products sold under these trademarks with YETI's reputation for exceptional quality. YETI is the owner of all registered and common law rights associated with the above-referenced marks as used in connection with the promotion, advertisement, and distribution of goods in the United States. YETI offers for sale and sells its trademarked goods throughout the United States, including within the State of Florida and specifically in this District. YETI has built a strong following of brand loyalists throughout the world, ranging from serious outdoor enthusiasts to individuals who simply value products of uncompromising quality and design. One of YETI's most popular products is its YETI RAMBLER® drinkware series, made from durable stainless steel with double-wall vacuum insulation to protect both hot and cold beverages. Specifically, the design and features of the RAMBLER® drinkware products have received widespread public acclaim. Outside magazine recently called YETI's RAMBLER® mug "the best mug ever made." Defendants, through the offer to sell and sale of counterfeit and infringing YETI branded products, are directly, and unfairly, competing with YETI's economic interests in the in the United States, including the State of Florida, and causing YETI irreparable harm and damage within this jurisdiction.

5.      Defendants herein wrongfully reproduce and counterfeit YETI's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits across their e-commerce stores.

6.      To combat the indivisible harm caused by the concurrent actions of Defendants, YETI expends significant resources in connection with trademark enforcement efforts. The exponential growth of counterfeiting over the Internet has created an environment that requires companies, such as YETI, to expend significant resources across a wide spectrum of efforts to

3

protect both consumers and itself from confusion and the erosion of the goodwill connected to YETI's brand.

## THE DEFENDANTS

7.      Defendants are comprised of individuals, business entities of unknown makeup, or unincorporated associations, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to consumers as well as shipping and fulfillment centers, warehouses, and/or storage facilities within the United States to redistribute their products from those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants purposefully direct their business activities toward consumers throughout the United States, including within this district, through the simultaneous operation of, at least, the Internet based e-commerce stores under the E-commerce Store Names.

8.      Defendants use aliases in connection with the operation of their businesses.

9.      Defendants are directly and personally contributing to, inducing, and engaging in the sale of counterfeit branded products as alleged herein, often times as partners, co-conspirators, and/or suppliers.

10.     Defendants are the past and/or present controlling forces behind the sale of products bearing and/or using counterfeits and infringements of YETI's trademarks as described herein.

11.     Defendants directly engage in unfair competition with YETI by advertising, offering for sale, and selling goods, each bearing and/or using counterfeits and infringements of one or more of YETI's trademarks to consumers within the United States and this district through, at least, the Internet based e-commerce stores using, at least, the E-commerce Store Names, as well

as additional seller identification aliases not yet known to YETI. Defendants have purposefully directed some portion of their unlawful activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing YETI branded goods into the State.

12.     Defendants have registered, established, or purchased, and maintained their E-commerce Store Names. Defendants may have engaged in fraudulent conduct with respect to the registration of the E-commerce Store Names by providing false and/or misleading information during the registration or maintenance process related to their respective E-commerce Store Names. Many Defendants have anonymously registered and/or maintained some of their E-commerce Store Names to aid in their unlawful infringing and counterfeiting activities.

13.     Defendants will likely continue to register or acquire new seller names, or other aliases, as well as related payment accounts, for the purpose of offering for sale and/or selling goods using counterfeit and confusingly similar imitations of one or more of YETI's trademarks unless preliminarily and permanently enjoined. Moreover, Defendants will likely continue to maintain and grow their unlawful marketplace enterprise at YETI's expense unless preliminarily and permanently enjoined.

14.     Defendants' E-commerce Store Names, associated payment accounts, and any other alias seller identification names used in connection with the sale of counterfeit and infringing goods using one or more of YETI's trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement schemes and cause harm to YETI. Moreover, Defendants are using YETI's famous brand name and/or trademarks to drive Internet consumer traffic to at least one of their e-commerce stores operating under the E-commerce Store Names, thereby increasing the value of the E-

commerce Store Names, and decreasing the size and value of YETI's legitimate marketplace and intellectual property rights at YETI's expense.

**COMMON FACTUAL ALLEGATIONS**

**Plaintiff's Business and Trademark Rights**

15.     YETI is the owner of all rights in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "YETI Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| YETI | 3,203,869 | January 30, 2007 | IC 021 – Portable coolers. |
| TUNDRA | 4,083,930 | January 10, 2012 | IC 021 – Portable coolers. |
| YETI | 4,948,371 | October 30, 2007 | IC 025 – Clothing, namely t-shirts, jerseys, shorts, hats, caps, sweatshirts, socks, jackets. |
| RAMBLER | 4,998,897 | July 12, 2016 | IC 021 – Jugs. |
| HOPPER FLIP | 5,171,380 | March 28, 2017 | IC 021 – Portable coolers. |
| HOPPER | 5,232,872 | June 27, 2017 | IC 021 – Portable coolers. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| RAMBLER | 5,233,441 | June 27, 2017 | IC 021 - Beverageware; cups; drinking glasses; tumblers for use as drinking vessels; jugs; mugs; temperature-retaining drinking vessels; storage containers for household or domestic use, namely, vacuum container for hot or cold food and drink; beer growlers; insulated food and drink containers; stainless steel tumblers for use as drinking vessels; stainless steel drinking glasses; stainless steel beverageware; drinking straws. |
| YETI HOPPER | 5,329,935 | November 7, 2017 | IC 021 – Portable coolers. |
| YETI RAMBLER | 5,409,905 | February 27, 2018 | IC 021 - Beverageware; cups; drinking glasses; tumblers for use as drinking vessels; jugs; mugs; temperature-retaining drinking vessels; storage containers for household or domestic use, namely, vacuum container for hot or cold food and drink; beer growlers; insulated food and drink containers; insulating sleeve holder for beverage cups; thermal insulated drink holder; portable stainless steel drink holders for holding individual cups, cans, and bottles; stainless steel tumblers for use as drinking vessels; stainless steel drinking glasses; stainless steel beverageware. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| **YETI** | 5,601,737 | November 6, 2018 | IC 025 - Shirts; t-shirts; hats; sun shirts; caps; sweatshirts; hooded sweatshirts; shorts; vests. |
| SIDEKICK | 5,677,586 | February 19, 2019 | IC 018 - All-purpose carrying bags for attaching to portable coolers; fabric pouches sold empty that may be used to hold wallets, keys, bottle openers, fishing tools and accessories, hunting tools and accessories, utensils, and flashlights for attaching to portable coolers; pouches and bags sold empty for attaching to bags, namely, hunting bags, angler's game bags, tote bags, daypacks, all-purpose carrying bags, duffle bags, and travel bags; pouches and bags sold empty for attachment to backpacks; submersible pouches and bags sold empty for attaching to bags, namely, hunting bags, angler's game bags, tote bags, daypacks, all-purpose carrying bags, duffle bags, and travel bags; waterproof pouches and bags sold empty for attaching to bags, namely, hunting bags, angler's game bags, tote bags, daypacks, all- purpose carrying bags, duffle bags, and travel bags.<br><br>IC 021 - Pouches and bags specially adapted for attachment to non-electric portable coolers. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| SIDEKICK DRY | 5,746,245 | May 7, 2019 | IC 018 – All-purpose carrying bags for attaching to portable coolers; fabric pouches sold empty that may be used to hold wallets, keys, bottle openers, fishing tools and accessories, hunting tools and accessories, utensils, and flashlights for attaching to portable coolers; pouches and bags sold empty for attaching to bags, namely, hunting bags, angler's game bags, tote bags, daypacks, all-purpose carrying bags, duffle bags, and travel bags; pouches and bags sold empty for attachment to backpacks; submersible pouches and bags sold empty for attaching to bags, namely, hunting bags, angler's game bags, tote bags, daypacks, all-purpose carrying bags, duffle bags, and travel bags; waterproof pouches and bags sold empty for attaching to bags, namely, hunting bags, angler's game bags, tote bags, daypacks, all- purpose carrying bags, duffle bags, and travel bags.<br><br>IC 021 - Pouches and bags specially adapted for attachment to non-electric portable coolers. |
| YETI | 5,776,845 | June 11, 2019 | IC 021 – Pet feeding and drinking bowls. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| CAMINO | 5,869,398 | September 24, 2019 | IC 018 - Tote bags; carryalls; carry-all bag; weekend bags; day bags, namely, athletic bags; bags, namely, kit bags. |
| YETI | 5,885,556 | October 15, 2019 | IC 016 – Lunch bags. |
| TUNDRA HAUL | 5,886,316 | October 15, 2019 | IC 021 – Non-electric coolers. |
| DAYTRIP | 5,893,053 | October 22, 2019 | IC 021 – Insulated lunch boxes; lunch boxes; lunch bags not of paper; insulated lunch bags not of paper; non-electric portable coolers. |
| RAMBLER | 6,119,024 | August 4, 2020 | IC 020 - Plastic lids for drinkware; plastic lids for drinkware with handle; plastic lids that double as a cup; insulated plastic lids that double as a cup; insulated plastic lids. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| RAMBLER | 6,119,025 | August 4, 2020 | IC 021 - Drinking cups sold with lids therefor; drinkware lids, namely, cup lids; drinkware lid, namely, cup lid with handle; drinkware straw lids, namely, cup lids with integrated straws; drinkware straw lids, namely, cup lids with holes for straws; wine glasses; cups, bottles, and mugs sold with lids that double as a cup, sold empty; cup lids that double as a cup; insulated lids that double as a cup; insulated cups, bottles, and mugs sold with insulated lids that double as a cup, sold empty; insulated cup lids; insulated lids for plates and dishes; drinking cups for babies and children; drinking straws for babies and children; drinking cups for babies and children and parts and fittings therefor, namely, cups for babies and children sold as a unit with valves and lids. |
| HOPPER BACKFLIP | 6,153,620 | September 15, 2020 | IC 021 – Non-electric portable coolers. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| YETI | 6,181,763 | October 20, 2020 | IC 018 - Bags with bottle holders, in the nature of day packs, backpacks, hiking bags, duffle bags, all-purpose carrying bags, tote bags, carry-all bags, travel bags, sports bags, and rucksacks with bottle holders.<br><br>IC 021 - Sleeve holder for bottles, namely, bottle carriers for domestic use; neoprene bottle holders, namely, bottle carriers for domestic use; sleeve holder for bottles; slings specially adapted for holding bottles; bag specially adapted for holding bottles; stainless steel non-electric portable coolers. |
| FLIP | 6,200,636 | November 17, 2020 | IC 021 – Portable coolers. |
| YETI | 6,211,351 | December 1, 2020 | IC 020 – Plastic portable packing containers.<br><br>IC 021 - Buckets; plastic buckets; industrial buckets; utility buckets; fishing buckets; ranger buckets; household containers for food and beverages; containers for household or kitchen use; plastic portable household cargo containers; drinking straws; portable non-electric water coolers; water dispensers; insulated water dispensers; portable beverage dispenser; handles specially adapted for beverageware. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| **YETI** | 6,211,352 | December 1, 2020 | IC 020 – Plastic portable packing containers.<br><br>IC 021 - Buckets; plastic buckets; industrial buckets; utility buckets; fishing buckets; ranger buckets; household containers for food and beverages; containers for household or kitchen use; plastic portable household cargo containers; drinking straws; portable non-electric water coolers; water dispensers; insulated water dispensers; portable beverage dispenser; handles specially adapted for beverageware. |
| YETI | 6,496,375 | September 28, 2021 | IC 021 – Beer glasses; drinking glasses; cups and mugs; bottles, sold empty; bottle openers. |
| YETI | 6,931,251 | December 20, 2022 | IC 021 - Beverageware; cups; drinking glasses, namely, tumblers; jugs; temperature retaining vessels; vacuum container for hot or cold food and drink; insulated food and drink containers; cold packs used to keep food and drink cold; refreezable ice substitutes in packaged form, namely, cold packs used to keep food or drink cold; insulating sleeve holder for beverage cups; bottle openers; cooler backpacks, namely, portable coolers which can be worn as a backpack; jockey boxes; ice buckets. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| YONDER | 7,375,452 | April 30, 2024 | IC 020 – Plastic lids for drinkware.<br><br>IC 021 – Reusable plastic water bottles, sold empty; bottles, sold empty; drinkware; drinkware lids, namely, lids with drinking spouts for reusable water bottles; drinkware lids, namely, lids with drinking spouts for plastic bottles; sports bottles sold empty. |
| RAMBLER | 7,389,652 | May 14, 2024 | IC 021 – Ice buckets; buckets; cocktail shakers. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| **YETI** | 7,795,592 | May 13, 2025 | IC 021 - Portable coolers; beverageware; cups; drinking glasses, namely, tumblers; jugs; mugs; temperature retaining drinking vessels; vacuum container for hot or cold food and drink for household use; insulated food and drink containers for domestic use; drink holder, namely, insulating sleeve holders for beverage cans and bottles; stainless steel drink holders; stainless steel tumblers for use as drinking glasses; stainless steel drinking glasses; stainless steel beverageware; cold packs used to keep food and drink cold; refreezable ice substitutes in packaged form, namely, cold packs used to keep food or drink cold; insulating sleeve holder for beverage cups, bottles, and cans; bottle openers; cooler backpacks, namely, portable coolers which can be worn as a backpack; jockey boxes in the nature of portable beverage coolers featuring built in taps; ice buckets. |

The YETI Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified above. True and correct copies of the Certificates of Registration for the YETI Marks are attached hereto as Composite Exhibit "1."

16.     The YETI Marks have been extensively and continuously used in interstate commerce to identify and distinguish YETI's high-quality goods, including portable coolers, insulated drinkware products, bags, and apparel, for an extended period of time, including, but not

limited, to the YETI V Series® cooler, the Roadie® series of coolers and accessories, the Silo® 6G Water Cooler, the Tank® ice buckets and accessories, the Tundra® series of hard coolers and accessories, the Hopper® series of soft coolers and accessories, the Daytrip® Lunch Bag and Lunch Box, the Rambler® series of drinkware and accessories, such as the Rambler® Lowball, the Rambler® Wine Tumbler, Wine Chiller, Cocktail Shaker, and Beverage Bucket, the Rambler® Colster® Can Insulators, the Rambler® Mugs, Travel Mugs, Tumblers, Jugs, Bottles, Stackable Cups, and Stackable Mugs, the Rambler® Hotshot Bottles, the Rambler® Kids Bottle, the Rambler® Bottle Sling, the Rambler® French Press, the Yonder™ Bottles, the Loadout® series of cases, buckets, and accessories, the Camino®, Crossroads®, and Panga® series of bags and accessories, the Sidekick®, and Sidekick Dry® pouches and bags, the YETI®, Hondo®, Trailhead®,  and Lowlands® series of outdoor living accessories, and the Boomer™ pet bowls (collectively, the "YETI products").

17.     The YETI Marks have been used in commerce by YETI long prior in time to Defendants' use of copies of those Marks.

18.     The YETI Marks are symbols of YETI's origin, quality, reputation, and enormous goodwill and have never been abandoned.

19.     The YETI Marks are well known and famous. YETI expends substantial resources developing, advertising, and otherwise promoting the YETI Marks. The YETI Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

20.     Further, YETI extensively uses, advertises, and promotes the YETI Marks in the United States in association with the sale of high-quality goods. YETI expends enormous resources promoting the YETI Marks and products bearing and/or using the YETI Marks through a wide range of marketing tactics and outlets to cultivate relationships with experts, serious enthusiasts,

and everyday consumers, including a combination of traditional, digital, social media, and grass-roots initiatives, in addition to original short films and high-quality content for YETI.com, which includes, but is not limited to, magazines, newspapers, billboards, television ads, and on the Internet, including pre-roll, social media, banner ads, page takeovers, and the official YETI website, www.yeti.com, through sponsorship of tradeshows and outdoor sporting events. YETI's prominent use of the YETI Marks has further enhanced the YETI Marks' recognition and fame with members of the consuming public. In the last few years alone, YETI has experienced substantial sales of its high-quality goods.

21.     As a result of YETI's efforts, members of the consuming public readily identify merchandise bearing or sold using the YETI Marks as being high quality merchandise sponsored and approved by YETI.

22.     Accordingly, the YETI Marks are widely recognized trademarks in the United States, and the trademarks have achieved substantial secondary meaning among consumers as identifiers of high-quality goods.

23.     YETI has carefully monitored and policed the use of the YETI Marks and has never assigned or licensed the YETI Marks to any of the Defendants in this matter.

24.     Genuine goods bearing the YETI Marks are widely legitimately advertised and promoted by YETI, its authorized distributors, and unrelated third parties via the Internet. Visibility on the Internet, particularly via Internet search engines and social media platforms, is important to YETI's overall marketing and consumer education efforts. Thus, YETI expends significant monetary and other resources on Internet marketing and consumer education regarding its products, including search engine optimization ("SEO"), search engine marketing ("SEM"), and social media strategies. Those strategies allow YETI and its authorized retailers to educate

consumers fairly and legitimately about the value associated with the YETI brand and the goods sold thereunder, and the problems associated with the counterfeiting of YETI's trademarks.

**Defendants' Infringing Activities**

25.      Defendants are each importing, promoting, advertising, distributing, offering for sale, and/or selling goods in interstate commerce bearing and/or using counterfeit and confusingly similar imitations of one or more of the YETI Marks (the "Counterfeit Goods") through at least the Internet based e-commerce stores operating under the E-commerce Store Names. Specifically, Defendants are each using the YETI Marks to initially attract online consumers and drive them to Defendants' e-commerce stores operating under their E-commerce Store Names. Defendants are each using identical copies of one or more of the YETI Marks for different quality goods. YETI has used the YETI Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of YETI's merchandise.

26.      Defendants' Counterfeit Goods are of a quality substantially different than that of YETI's genuine goods. Defendants are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high-quality goods offered for sale by YETI, despite Defendants' knowledge that they are without authority to use the YETI Marks. Defendants' actions are likely to cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe all of Defendants' goods offered for sale in or through Defendants' e-commerce stores are genuine goods originating from, associated with, and approved by YETI.

27.      Defendants advertise their e-commerce stores, including their Counterfeit Goods offered for sale, to the consuming public via at least the e-commerce stores operating under the E-

commerce Store Names. In so doing, Defendants improperly and unlawfully use one or more of the YETI Marks without YETI's permission.

28.     As part of their overall unlawful scheme, Defendants are concurrently employing and benefitting from substantially similar advertising and marketing strategies based, in large measure, upon an unauthorized use of counterfeits and infringements of the YETI Marks. Specifically, Defendants are using counterfeits and infringements of YETI's famous name and the YETI Marks to make their e-commerce stores selling unauthorized goods appear more relevant and attractive to consumers searching for both YETI and non-YETI goods and information online. By their actions, Defendants are contributing to the creation and maintenance of an unlawful marketplace operating in parallel to the legitimate marketplace for YETI's genuine goods. Defendants are causing individual, concurrent, and indivisible harm to YETI and the consuming public by (i) depriving YETI and other third parties of their right to fairly compete for space online and within search engine results and reducing the visibility of YETI's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the YETI Marks by viewing inferior products in either the pre or post sale setting, and (iii) increasing YETI's overall cost to market its goods and educate consumers about its brand via the Internet.

29.     Defendants are concurrently conducting and targeting their counterfeiting and infringing activities toward consumers and likely causing unified harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding YETI and the consuming public for Defendants' own benefit.

30.     At all times relevant hereto, Defendants have had full knowledge of YETI's ownership of the YETI Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

31.     Defendants' use of the YETI Marks, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of their Counterfeit Goods, is without YETI's consent or authorization.

32.     Defendants are engaging in the above-described unlawful counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to YETI's rights for the purpose of trading on YETI's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, YETI and the consuming public will continue to be harmed.

33.     Defendants above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive consumers into believing there is a connection or association between YETI's genuine goods and Defendants' Counterfeit Goods, which there is not.

34.     Given the visibility of Defendants' various e-commerce stores and the similarity of their concurrent actions, it is clear Defendants are either affiliated, or at a minimum, cannot help but know of each other's existence and the unified harm likely to be caused to YETI and the overall consumer market in which they operate because of Defendants' concurrent actions.

35.     Although some Defendants may be physically acting independently, they may properly be deemed to be acting in concert because the combined force of their actions serves to multiply the harm caused to YETI.

36.     Defendants' payment and financial accounts, including but not limited to those specifically set forth on Schedule "A," are being used by Defendants to accept, receive, and deposit profits from Defendants' trademark counterfeiting and infringing and unfairly competitive

activities connected to their E-commerce Store Names and any other alias seller identification names being used and/or controlled by them.

37.     Further, Defendants, upon information and belief, are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to YETI.

38.     YETI has no adequate remedy at law.

39.     YETI is suffering irreparable injury and has suffered substantial damages because of Defendants' unauthorized and wrongful use of the YETI Marks. If Defendants' counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, YETI and the consuming public will continue to be harmed while Defendants wrongfully earn a substantial profit.

40.     The harm and damages sustained by YETI has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

**COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)**

41.     YETI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 40 above.

42.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the YETI Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

43.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and/or infringements of one or more of the YETI Marks. Defendants are continuously infringing and inducing others to infringe the YETI

Marks by using one or more of them to advertise, promote, offer to sell, and/or sell counterfeit and infringing YETI branded goods.

44.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

45.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages and irreparable harm to YETI and are unjustly enriching Defendants with profits at YETI's expense.

46.     Defendants' unlawful actions constitute counterfeiting and infringement of the YETI Marks in violation of YETI's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

47.     YETI has suffered and will continue to suffer irreparable injury and damages while Defendants are earning a substantial profit due to Defendants' activities if Defendants are not preliminarily and permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

48.     YETI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 40 above.

49.     Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of one or more of the YETI Marks have been widely advertised and offered for sale throughout the United States via the Internet.

50.     Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of one or more of the YETI Marks are virtually identical in appearance to YETI's genuine goods. However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants'

activities are likely to cause confusion in the trade and among consumers as to at least the origin or sponsorship of their Counterfeit Goods.

51.     Defendants have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and designs, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to YETI's detriment.

52.     Defendants have each authorized infringing uses of one or more of the YETI Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods. Some Defendants have also misrepresented to members of the consuming public that the Counterfeit Goods they advertise, and sell are genuine, non-infringing goods.

53.     Additionally, Defendants are simultaneously using counterfeits and infringements of one or more of the YETI Marks to unfairly compete with YETI and others for space within organic and paid search engine and social media results. Defendants are thereby jointly (i) depriving YETI of valuable marketing and educational space online which would otherwise be available to YETI and (ii) reducing the visibility of YETI's genuine goods on the World Wide Web and across social media platforms.

54.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

55.     YETI has no adequate remedy at law and has sustained both individual and indivisible injury and damages caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, YETI will continue to suffer irreparable injury to its goodwill and

business reputation, as well as monetary damages, while Defendants are earning a substantial profit.

## COUNT III - COMMON LAW UNFAIR COMPETITION.

56.     YETI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 40 above.

57.     This is an action against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing and/or using marks that are virtually identical to one or more of the YETI Marks in violation of Florida's common law of unfair competition.

58.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and infringements of one or more of the YETI Marks. Defendants are also each using counterfeits and infringements of one or more of the YETI Marks to unfairly compete with YETI and others for (i) space in search engine and social media results across an array of search terms and (ii) visibility on the Internet.

59.     Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' e-commerce stores as a whole and all products sold therein by their use of the YETI Marks.

60.     YETI has no adequate remedy at law and is suffering irreparable injury and damages because of Defendants' actions while Defendants are earning a substantial profit.

## COUNT V - COMMON LAW TRADEMARK INFRINGEMENT

61.     YETI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 40 above.

62.     YETI is the owner of all common law rights in and to the YETI Marks.

63.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods using one or more of the YETI Marks.

64.     Specifically, each Defendant is promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of at least one or more of the YETI Marks.

65.     Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' Counterfeit Goods bearing and/or using the YETI Marks.

66.     YETI has no adequate remedy at law and is suffering damages and irreparable injury because of Defendants' actions while Defendants are earning a substantial profit.

## PRAYER FOR RELIEF

67.     WHEREFORE, YETI demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

        a.      Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling, or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the YETI Marks; from using the YETI Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark, or design that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated

with YETI; from falsely representing themselves as being connected with YETI, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with YETI; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the YETI Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of YETI, or in any way endorsed by YETI, and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of YETI's name or trademarks, and from otherwise unfairly competing with YETI.

b.     Entry of a temporary restraining order, as well as preliminary and permanent injunctions, pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of an injunction issued by the Court from participating in the sale and distribution of non-genuine goods bearing and/or using counterfeits of the YETI Marks, including providing financial services, technical services, and/or other support to Defendants.

c.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that upon YETI's request, those acting in concert with and/or participating as service providers to Defendants, who have notice of the injunction, cease hosting, facilitating access to, or providing any supporting service to any and all e-commerce stores, including, but not limited to, the E-commerce Store Names through which Defendants engage in

the promotion, offering for sale, and/or sale of goods using counterfeits and/or infringements of the YETI Marks.

        d.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon YETI's request, any Internet marketplace website operators and/or administrators for the E-commerce Store Names who are provided with notice of an injunction issued by the Court identify any e-mail address known to be associated with Defendants' E-commerce Store Names.

        e.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon YETI's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove from the multiple platforms, which include, *inter alia,* a Direct platform, Group platform, Seller Product Management platform, Vendor Product Management platform, and Brand Registry platform, any and all listings and associated images of goods bearing and/or using counterfeits and/or infringements of the YETI Marks via the e-commerce stores operating under the E-commerce Store Names, and upon YETI's request, any other listings and images of goods bearing and/or using counterfeits and/or infringements of the YETI Marks associated with and/or linked to the same sellers or linked to any other alias e-commerce store names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the YETI Marks.

        f.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon YETI's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court, immediately cease fulfillment of and sequester all goods of each Defendant bearing one

or more of the YETI Marks in its inventory, possession, custody, or control, and surrender those goods to YETI.

g.    Entry of an Order requiring, upon YETI's request, Defendants to request in writing the permanent termination of any messaging services, E-commerce Store names, usernames, and social media accounts they own, operate, or control on any messaging service, e-commerce marketplace, and social media website.

h.    Entry of an Order requiring Defendants to account to and pay YETI for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to YETI be trebled, as provided for under 15 U.S.C. §1117, or that YETI be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product type offered for sale or sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

i.    Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of YETI's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

j.    Entry of an Order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and the Court's inherent authority that upon YETI's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, e-commerce shipping partner, fulfillment center, warehouse, storage facility, or marketplace platforms, and their related companies and affiliates, identify and restrain and be required to surrender to YETI, all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the E-commerce Store Names, or other alias identification names, used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds

into the same financial institution account(s), and remain restrained until such funds be surrendered to YETI in partial satisfaction of the monetary judgment entered herein.

        k.    Entry of an award of pre-judgment interest on the judgment amount.

        l.    Entry of an Order requiring Defendants, at YETI's request, to pay the cost necessary to correct any erroneous impression the consuming public may have received or derived concerning the nature, characteristics, or qualities of Defendants' products, including without limitation, the placement of corrective advertising and providing written notice to the public.

        m.    Entry of an Order for any further relief as the Court may deem just and proper.

DATED: July 23, 2025.        Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **s/Stephen M. Gaffigan**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar. No. 103372)
Mallory R. Denzl (Fla. Bar No. 1050351)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: Stephen@smgpa.cloud
E-mail: Leo@smgpa.cloud
E-mail: Raquel@smgpa.cloud
E-mail: MalloryR@smgpa.cloud

Attorneys for Plaintiff, YETI Coolers, LLC

**SCHEDULE "A"**

**[This page is the subject of Plaintiff's Motion to File Under Seal. As such, this page has been redacted in accordance with L.R. 5.4(b)(1)]**